**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:13CR345** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **MACEO MOORE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Motion (ECF DKT #715) of Defendant, Maceo Moore ("Moore"), to Withdraw Plea.  Moore argues that withdrawal of his guilty plea is justified because of his persistent claims of innocence, and "dubious advice of counsel as to the essential elements of the case, likelihood of avoiding a career offender designation at sentencing due to a non-qualifying offense, and qualification for the federal bureau of prisons drug program which would allow him to earn up to 2 years off of his sentence."  Based upon the transcript of Moore's plea hearing and the record as a whole, however, Moore's arguments have no merit.  Therefore, his Motion to Withdraw Plea is DENIED.

# I. FACTUAL BACKGROUND

On June 13, 2013, Moore was charged in a Complaint with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A).  Following Moore's arrest on June 19, 2013, Attorney Richard Lillie was appointed to represent him, after Moore filed a financial affidavit claiming that he could not afford an attorney.  Moore agreed to waive a detention hearing and preliminary hearing, and his case was bound over to the Grand Jury.

An Indictment was returned on July 16, 2013, charging Moore with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A).  On July 22, 2013, Moore was arraigned and pled not guilty.

A Superseding Indictment was returned on September 11, 2013, charging Moore with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A) (Count1); Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (Count 81); Possession with the Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); and Use of a Telephone to Facilitate Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Counts 177, 194-196).  Moore was arraigned on the Superseding Indictment on September 26, 2013.

Counsel for Moore and Government's counsel began to discuss possible plea proposals.  Attorney Lillie advised Moore that he would likely be categorized as a Career Offender; that co-conspirators would probably testify against him at trial; that the Government would use an incriminating video in its case against him; and that he risked a substantially longer sentence if convicted at trial than what was offered in a plea agreement. Moore insisted that he was only responsible for possessing 5 grams of heroin and making a

telephone call to a Co-Defendant, regarding a heroin transaction.  Attorney Lillie told him that the amount of drugs in his possession would not alter his sentencing range because he would be held responsible for the "reasonably foreseeable" amount involved in the conspiracy.  Moreover, it would be a difficult argument to challenge his status as a Career Offender, which was confirmed by a requested pre-plea presentence report.

Finally, after discussing his options with counsel, and following some negotiation, Moore agreed to plead guilty, pursuant to a written plea agreement with a joint recommendation of a 210-month term of imprisonment.  A change of plea hearing was held on February 19, 2014, before Magistrate Judge Kenneth S. McHargh.  Moore entered a plea of guilty to Count One of the Superseding Indictment.  On the same date, the Magistrate Judge filed a Report and Recommendation, recommending that the District Court accept Moore's plea.  No objections were filed, the guilty plea was accepted, and the plea agreement was formally approved on March 10, 2014.

In order to prepare the presentence report, Moore and his counsel met with a probation officer on March 27, 2014.  The probation officer again explained that the amount of drugs involved in the plea was not controlling because Moore was a Career Offender.

On April 27, 2014, Attorney Lillie met with Moore to discuss the presentence report.  Based upon a book Moore had read, Moore contended that he should only be sentenced for the  5 grams of heroin found in his possession, and therefore, he wanted to withdraw his plea.

Attorney Lillie moved to withdraw as Defendant's counsel, which the Court granted at a hearing on April 30, 2014.  New counsel was appointed and the sentencing was continued to June 6, 2014.  Moore retained Attorney William B. Norman on June 3, 2014.  Attorney

Norman filed the within Motion on June 4, 2014, more than one hundred days after Moore's February 19 guilty plea.

## II. LAW AND ANALYSIS

**Standard of Review**

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence, if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).  "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81.

"A defendant does not have an absolute right to withdraw a guilty plea." *Id.* at 280. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *Id.*  This is because a withdrawal "is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.*

Defendant "bears the burden of proving that he is entitled to withdraw his guilty plea." *Id.*  "Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *Id.* at 281.  A court's denial of a motion to withdraw a guilty plea will not be disturbed unless there is an abuse of discretion. *Id.* at 280.

To determine whether a defendant meets the burden of establishing a fair and just reason to withdraw his guilty plea, the Court considers a number of factors:

-4-

(1) the amount of time that elapsed between the plea and the
    motion to withdraw it;
(2) the presence (or absence) of a valid reason for the failure to
    move for withdrawal earlier in the proceedings;
(3) whether the defendant has asserted or maintained his
    innocence;
(4) the circumstances underlying the entry of the guilty plea;
(5) the defendant's nature and background;
(6) the degree to which the defendant has had prior experience
    with the criminal justice system; and
(7) potential prejudice to the government if the motion to
    withdraw is granted.

*Id.* at 281.

"The factors listed are a general, non-exclusive list and no one factor is controlling."  *Id.*

**Time between plea and motion to withdraw**

There is no set time frame which is considered consequential to Rule 11(d) relief; but

motions to withdraw a guilty plea are generally denied if  "any substantial time has passed"

between entry of the plea and filing of the motion.  *United States v. Alexander*, 948 F.2d

1002, 1004 (6th Cir.1991); *Ellis*, 470 F.3d at 280.  A thirty-five-day delay has been held

sufficiently untimely.  (*United States v. Spencer*, 836 F.2d 236, 239 (6th Cir.1988)).

Moore's Motion was filed one-hundred five days after his change of plea hearing, and

sixty-eight days after Attorney Lillie was permitted to withdraw.  This delay is "substantial"

enough to weigh against granting the withdrawal of Moore's guilty plea.

**Reason for failure to move earlier**

Moore asserts that he was unable to move sooner for the requested withdrawal "due to

a flurry of tumult regarding his counsel."  It is unclear to the Court what Moore means by

that.  Attorney Lillie states in his Affidavit, that "[a]t no time subsequent to the Change of

Plea Hearing, or the Pre-Sentence Interview Meeting," nor before April 27, 2014, at the

County Jail, did Moore communicate that he wanted to withdraw his plea.  (ECF DKT #807-1, ¶¶ 22-23).

Moore's rationale for the significant delay in requesting withdrawal of his plea is not convincing.

**Assertion of innocence**

Moore contends that he persisted in his claims of innocence throughout this criminal process.  A review of his Affidavit (ECF DKT #724-1), Attorney Lillie's Affidavit (ECF DKT #807-1) and the transcript of the Change of Plea Hearing belies Moore's contention.

Although Moore begins his Affidavit (ECF DKT #724-1) with the declaration: "I have never sold heroin ever a single time in my life," he repeatedly admits criminal wrongdoing. In ¶ 9, he states:  "I had been apprehended in possession of 5 grams of heroin and had made a phone call on an isolated occasion in an attempt to abet an associate's acquisition of several grams."  In ¶ 11:  "For one thing, I harbored substantial suspicion, to the point of operative doubt, that 2 isolated incidents of drug related acts could be the basis of a life sentence in the United States of America."  In ¶ 25:  "[I]f I went to trial and the jury head [sic] that I had 1) made a phone call that one time in an effort to abet Jamez Webb's acquisition of several grams of heroin and 2) been in possession of 5 grams when I was arrested."  Further, in ¶ 26: "[h]aving a jury decide that I could only be punished **for what I actually did**, that is, possess 5 grams and make a drug inquiry for another person by phone."  (Emphasis added).

In Attorney Lillie's recitation of the facts, Moore does not persistently claim his innocence; rather, Moore challenges his potential sentence based upon his proclaimed minor involvement and the minimal amount of heroin he possessed.  (ECF DKT #807-1).  For

example, in ¶ 11:  "When I explained this guideline range to Maceo, he again argued that he could not possibly be sentenced to so many years for simply possessing heroin, and talking about a heroin deal on the phone."

Lastly, it is evident from the transcript of the plea colloquy (ECF DKT #525), that Moore's only dispute was with the quantity of heroin involved.  The Magistrate Judge asked Moore four times if he disagreed with any part of the factual basis underlying the charge in Count One, to which he was pleading guilty.  Moore responded "No" twice and "I agree" the third time.  Upon the Magistrate Judge's fourth inquiry, Moore said only: "I disagree with this drug amount."  (ECF DKT #525, p.38).  After the Government outlined what the evidence would show, Moore said on the record, and under oath: "So I agree with it and I'll go with it."  (ECF DKT #525, p.44).

Since Moore did not maintain his innocence throughout, and his sworn representations in open court "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), withdrawal of his plea is not warranted.

**Circumstances underlying guilty plea**

Moore takes issue with his Counsel's advice regarding culpable conduct in a conspiracy, availability of the Bureau of Prison's drug treatment program, and a sentencing adjustment for acceptance of responsibility even after trial.  First, Attorney Lillie competently advised Moore that he would likely be responsible for distribution of all the drugs "reasonably foreseeable" as charged in the conspiracy count, and that the "uncharged robberies" could be included as relevant conduct at the time of sentencing.  Second, Moore's eligibility  for the drug treatment program is defeated by his own statements under oath to the

Magistrate Judge and to Pretrial Services that he never used or abused illicit substances and does not consume alcohol, tobacco, or caffeine.  Third, it is the rare circumstance in which a defendant who goes to trial can receive an adjustment for acceptance of responsibility. Attorney Lillie rightfully counseled Moore that pleading guilty allowed him the possibility for a sentencing adjustment, as opposed to putting "the government to its burden of proof at trial by denying the essential factual elements of guilt."  See U.S.S.G. § 3E1.1, Application Note 2.

The record of the Change of Plea proceedings reveals that Moore, under oath, expressed satisfaction with his attorney's representation and the advice provided him.  He was given the opportunity on several occasions to consult with counsel and to ask questions of the Court.  He pled guilty to Count One of the Indictment, of his own free will, without any threats or promises.  (ECF DKT #525, p. 9, *et seq.*).

Moore offers no evidence to rebut his own sworn testimony and the record.  The circumstances surrounding the entry of the guilty plea, therefore, weigh against granting Moore's Motion.

**Background and prior experience with criminal justice system**

A defendant's background and experience are relevant to determining whether he understood the consequences of his guilty plea.  *See Ellis*, 470 F.3d at 285.  Moore has a high school diploma and attended one year of college.  He is a United States citizen and has no difficulty with the English language.  He has been convicted in state court for drug trafficking, drug possession, carrying a concealed weapon, robbery and obstruction. Tellingly, Moore entered guilty pleas nine times in his adult life.  These considerations

-8-

militate against Moore's requested relief.

**Prejudice to the government**

"[T]he government is not required to establish prejudice that would result from a plea withdrawal [] unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 286 (quoting *Spencer*, 836 F.2d at 240). Even if a defendant fails to establish a fair and just reason, the Court may consider potential prejudice in exercising its discretion. *Spencer, id.*

Prejudice to the government can include wasted resources. Since Moore's plea, the Government has entered into plea arrangements with co-defendants in this conspiracy. Several others have been sentenced. Had the Government known a trial was possible for Maceo Moore, it may have sought the cooperation of his alleged co-conspirators. Also, the time and energy spent on plea negotiations with Moore would have been directed toward trial preparation.

The Court will take the potential prejudice to the Government into consideration.

**Evidentiary hearing**

"The defendant is not entitled to an evidentiary hearing or the withdrawal of [his] plea as a matter of right; both are within the wide discretion of the district court." *United States v. Woods*, 554 F.3d 611, 613 (6th Cir.2009). In addition, the Court "need not conduct a hearing when the allegations contained in the motion to withdraw the plea are mere conclusions or are inherently unreliable. *United States v. Ford*, 15 F. App'x. 303, 310 (6th Cir.2001) (*citing United States v. Fountain*, 777 F.2d 351, 358 (7th Cir.1985)).

Here, Moore's conclusory allegations contradict his sworn statements and the record.

-9-

He has not demonstrated factual issues meriting a hearing.

### III. CONCLUSION

Defendant Maceo Moore knowingly, voluntarily and intelligently pled guilty to Count One in the Superseding Indictment, after a proper, thorough plea colloquy with the Court. Moore's Motion is based upon bare assertions that are contradicted by his own sworn testimony and the record as a whole.  Neither a change of heart nor a dispute with defense counsel justifies withdrawal of a validly entered and accepted plea of guilty.  Moore has not shown a fair and just reason under Fed. R. Crim. P. 11(d)(2)(B).  Therefore, his Motion (ECF DKT #715) to Withdraw Plea is DENIED.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  August 5, 2014**