**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MACEO MOORE,** ) | **CASE NO.1:13CR0345** |
| ) | **1:16CV1582** |
| **Petitioner,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **Vs.** ) | |
| **UNITED STATES OF AMERICA,** ) | **OPINION AND ORDER** |
| **Respondent.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion for Relief Under 28 U.S.C. §2255 (ECF #1686). Respondent filed a Response in Opposition to Motion for Relief and Request for Stay Pending Supreme Court Determination. (ECF #1703). Petitioner filed a Motion to Supplement Petition. (ECF# 1770). Respondent filed a Response in Opposition to Defendant's Motion for Relief. (ECF#1779). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On July 16, 2013, an Indictment was returned charging Petitioner with

1

Conspiracy to Distribute Heroin.  A Superseding Indictment was returned on September 11, 2013, charging Petitioner with Conspiracy to Distribute Heroin, Distribution of Heroin, Possession with the Intent to Distribute Heroin and Use of a Telephone to Facilitate Drug Trafficking.  On December 16, 2013, Petitioner requested a Pre-Plea Presentence Report to determine whether he was a Career Offender.   A Report was prepared and showed that Petitioner's past criminal history qualified him as a Career Offender.

Petitioner pled guilty on February 19, 2014, pursuant to a written Plea Agreement.  In the Plea Agreement, Petitioner acknowledged that the maximum sentence he could receive was 20 years.  Petitioner and the Government agreed to a stipulated Sentencing Guidelines computation that resulted in an offense level 34, prior to acceptance of responsibility if Petitioner were found to be a Career Offender.  The parties agreed to recommend that the Court impose a sentence of 210 months in prison if Petitioner were found to be a Career Offender.  In the Plea Agreement, Petitioner agreed to waive the right to file a direct Appeal except in limited circumstances and he agreed to waive his right to file any post-conviction attack under 28 U.S.C. § 2255, except for allegations of prosecutorial misconduct or ineffective assistance of counsel.  During the plea colloquy, Petitioner stated that he understood his rights, that he was aware of the sentencing range and agreed that he could not withdraw his plea.

Petitioner filed a Motion to Withdraw Guilty Plea and on August 5, 2014, the Court denied the Motion.  On August 27, 2014, Petitioner was sentenced to 210 months of imprisonment, six years of Supervised Release and ordered to forfeit property as

agreed in the Plea Agreement. Petitioner filed a timely Notice of Appeal to the Sixth Circuit Court of Appeals. The Government filed a Motion to Dismiss the Appeal on the basis of the appellate waiver in the Plea Agreement. On March 31, 2015, the Court of Appeals granted the Government's Motion. Petitioner did not file a Petition for Writ of Certiorari but filed a Motion to Reinstate his Appeal in the Sixth Circuit based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner's Motion was denied on October 21, 2015, based upon the applicability of the appellate waiver in the Plea Agreement. Petitioner also filed a Petition for Panel Rehearing on his Motion to Reinstate the Appeal. The Sixth Circuit denied the Motion.

On June 23, 2016, Petitioner filed the instant Petition for Relief Under 28 U.S.C. § 2255, asserting that he no longer qualifies as a Career Offender and his sentence should be vacated pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the

3

entire proceeding invalid. '" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

**ANALYSIS**

The Court agrees with Respondent and the Court of Appeals that Petitioner waived his right to appeal or collaterally attack his conviction. It is "well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005) (internal punctuation and citation omitted). Plea agreements may also "waive constitutional or statutory rights then in existence, as well as those that courts may recognize in the future." *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).

Petitioner's Plea Agreement retained his right to file a post-conviction attack on two grounds only: claims of ineffective assistance of counsel or prosecutorial misconduct. The instant Petition raises no such claims. Thus, except for certain limited exceptions that were not raised here the waiver of appeal and post-conviction attack was "unlimited in its scope.*" United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004). Petitioner's Petition does not meet any of the exceptions listed in the waiver. Therefore, the Court finds that Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence or conviction fully precludes him from filing this Petition.

Respondent correctly points out that Petitioner's Petition would fail on the merits regardless of his voluntary waiver of his right to file any appeal. The Supreme Court's decision in *Johnson* does not entitle Petitioner to post-conviction relief from his career

4

offender Sentencing Guidelines-based sentence under 28 U.S.C. § 2255. *Johnson* does not apply to Guidelines-based sentences in Section 2255 or other collateral attack actions.

The Supreme Court decision in *Welch v. United States*, 135 S. Ct. 1257 (2016), addressed whether *Johnson* applies retroactively as a substantive rule in Armed Career Criminal Act ("ACCA") cases. The *Welch* opinion did not consider whether *Johnson* applies to sentences based upon the Sentencing Guidelines. All Guidelines sentences must be no more than the statutory maximum. As to Guidelines-based sentences, therefore, *Johnson* does not alter the permissible statutory range of sentencing outcomes. In the context of the Sentencing Guidelines, as opposed to the ACCA, *Johnson* does not act substantively.

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the advisory Guidelines' residual clause remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the advisory Guidelines, unlike the Armed Career Criminal Act, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892.

In Petitioner's Supplement to his Petition, he now attempts to re-characterize his claim as one arising under *Mathis v. United States*, 136 S. Ct. 2242 (2016). In *Mathis,* the Supreme Court simply clarified how courts can "determine whether a past conviction" qualifies as one of the enumerated offenses in the Armed Career Criminal Act. *Mathis*, 136 S. Ct. at 2247. The Court agrees that *Mathis* provides no basis for relief for Petitioner.

To make a determination about past convictions, courts apply what is known as the categorical approach—they "compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—i.e., the offense as commonly understood." *Id.* In *Mathis*, the Supreme Court considered whether the modified categorical approach could also be employed in situations with "a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element." *Id.* The Supreme Court "decline[d] to find such an exception." *Id.* at 2248. Therefore, sentencing courts cannot impose a sentence enhancement for the violation of a law if "one of the statute's specified means creates a match with the generic offense, even though the broader element would not." *Id.* at 2250. In that situation, the prior crime does not qualify as an ACCA predicate because its elements are broader than those of the generic offense.

*Mathis* did not announce any new rule of constitutional law. The *Mathis* opinion is clear that the Court believed its conclusion was compelled by its precedents. *See Mathis,* 136 S. Ct. at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."); *Id.* at 2251.

The Court agrees with Respondent that any claim under *Mathis* must have been preserved in order to raise it in this § 2255 motion. A one-year statute of limitations applies to Section 2255 motions. Title 28 U.S.C. Section 2255(f). The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

6

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*(Id.*)

As Petitioner did not preserve this claim, it has been procedurally defaulted. *See, e.g., United States v. Frady*, 456 U.S. 152, 166-168 (1982). Moreover, because the *Mathis* rule is not "new," defendants who want to raise *Mathis* claims cannot rely on the one-year statute-of-limitations trigger in 28 U.S.C. § 2255(f)(3) that applies to intervening Supreme Court decisions that announce a "new right."

Petitioner's voluntary waiver in his Plea Agreement is valid and Petitioner cannot now attack his conviction. The Court finds that even if Petitioner had retained his right to file this Petition, he is not entitled to relief under *Johnson* as the Supreme Court's decision in *Beckles* bars his claims. Additionally, *Mathis* provides no basis for relief under Section 2255.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

7

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

> In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,
>
> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.
>
> Petitioner has failed to make a substantial showing that he was denied any

constitutional right. Therefore, the Court will not issue a certificate of appealability.

    IT IS SO ORDERED.

| | |
|---|---|
| <u>June 19, 2017</u> | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |